IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BACARDI & COMPANY LIMITED,<br><br>and<br><br>BACARDI U.S.A., INC.,<br><br>         Plaintiffs,<br><br>      v.<br><br>EMPRESA CUBANA EXPORTADORA DE ALIMENTOS Y PRODUCTOS VARIOS d/b/a CUBAEXPORT<br><br>and<br><br>HAVANA CLUB HOLDING, S.A. d/b/a HCH, S.A.<br><br>         Defendants. | Civil Action No. 04 CV 519 (EGS) |

**PLAINTIFFS' RESPONSE TO HAVANA CLUB HOLDING, S.A.'S
STATEMENT OF UNDISPUTED FACTS**

    Plaintiffs, Bacardi & Company Limited and Bacardi U.S.A., Inc. ("Bacardi" or "Plaintiffs"), submit this response to the statement of facts Defendant Havana Club Holding, S.A. ("HCH") alleges to be undisputed and which it claims entitles it to the grant of summary judgment ("HCH's Statement"). There has been no discovery concerning the subject matter of HCH's motion, nor could there be such discovery before fulfilling the procedures preliminary to discovery under Rule 26. Accordingly, Plaintiffs are unable to present by affidavit facts essential to justify their opposition, and HCH's motion for summary judgment should be denied pursuant to Rule 56(f). Additionally, HCH's Statement is deficient because, among other things, many of

1

its assertions of fact concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part. In response to HCH's Statement and pursuant to Local Rule 56.1, Plaintiffs state as follows:

**1.      HCH'S STATEMENT:**

In 1976, Cubaexport, a Cuban state enterprise, registered its Cuban HAVANA CLUB trademark in the United States, pursuant to Section 44 of the Lanham Act, 15 U.S.C. § 1126, based on Cubaexport's registration of the mark in Cuba. Cubaexport sold Cuban-produced rum branded under the HAVANA CLUB trademark throughout the world, and to United States citizens who are licensed to travel to Cuba, from 1972 through 1993. However, direct sales to the United States have been prohibited throughout that period because of the U.S. embargo. *Havana Club Holding, S.A. v. Galleon, S.A.*, 974 F. Supp. 302, 305 (S.D.N.Y. 1997) (Exhibit 6 to the Declaration of Charles S. Sims ("Sims Decl.")).

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 1 of HCH's Statement except that it contests that "Cubaexport sold Cuban-produced rum branded under the HAVANA CLUB trademark throughout the world." In the Prior Civil Action, plaintiffs demonstrated that some of that rum was manufactured not in Cuba, but in Panama. (See Declaration of William R. Golden, Jr. ¶¶ 11-12 ("Golden Decl.")). The rum was sold principally to the Soviet Union and its satellites. *Id.* ¶ 11.

**2.      HCH'S STATEMENT:**

In 1993, Cubaexport sold the entire Havana Club business, including trademarks, to a joint venture owned 50% by the French company Pernod Ricard and 50% by a Cuban entity, Havana Rum & Liquors. *Id.* As part of that worldwide sale of the Havana Club business, all of Cubaexport's trademarks and registrations were assigned by Cubaexport to HRL, and then by HRL to HCH. *Id.* at 305-306. Such assignments were effectuated and recorded with the United States Patent and Trademark Office ("USPTO") in 1994. *See Havana Club Holding, S.A. v. Galleon S.A.*, 203 F.3d 116, 120 (2d Cir. 2000).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 2 of HCH's Statement. In 1993, Cubaexport reorganized its rum business to incorporate a foreign partner. *See Havana Club Holding, S.A. v. Galleon, S.A.*, 974 F. Supp. 302, 305 (S.D.N.Y. 1997). Cubaexport reached an agreement with Pernod Ricard to form two companies: (1) Havana Club Holding, S.A., of which 50% equity and board representation was to be held by a newly formed Cuban company, Havana Rum & Liquors, S.A., which is effectively controlled by the Cuban government (Compl. ¶ 18) and 50% by Pernod; and (2) Havana Club International, which has a 50-50 equity split between Havana Rum & Liquors and Pernod. *Id.* at 306.

Bacardi lacks knowledge as to whether all of Cubaexport's trademarks and registrations were assigned by Cubaexport to HRL, and then by HRL to HCH as well as whether all of those assignments were effectuated and recorded with the United States Patent and Trademark Office.

**3.   HCH'S STATEMENT:**

After an October 5, 1995 application to the Office of Foreign Asset Control ("OFAC") for a specific license authorizing the 1994 assignments of the U.S. registration, OFAC issued a license on November 13, 1995, *nunc pro tunc* ("the Specific License"), approving the two assignments and authorizing all necessary transactions incident to the assignments of the registration. *Havana Club Holding, S.A.*, 974 F. Supp. at 306.

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 3 of HCH's Statement, except to contest that it was "*nunc pro tunc*," which words do not appear in the license. Further, the license stated it may be revoked if issued based on willful misrepresentations.

**4.   HCH'S STATEMENT:**

Under the Specific License, on January 18, 1996, HCH filed with the USPTO an application to renew the Havana Club Registration (within the renewal period, which ran from January 27, 1995 through January 27, 1996). *See* Decision of TTAB dated January 29, 2004, at 24 (Exhibit 17 to Sims Decl.). In June 1996, the USPTO accepted the renewal papers filed by

HCH, and granted renewal of the Havana Club Registration for an additional ten year term except to the extent it implies that the extant HAVANA CLUB registration is or ever was valid <u>that has not yet expired</u>. *Id.; Havana Club Holding, S.A. v. Galleon S.A.*, 961 F. Supp. 498, 503 (S.D.N.Y. 1997) (Exhibit 3 to Sims Decl.).

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 4 of HCH's Statement, except to contest that the renewal application was filed under the specific license.

5.   **HCH'S STATEMENT:**

On April 17, 1997 OFAC revoked the Specific License retroactive to its date of issuance, without specifying any ground for its decision. *Havana Club Holding*, 974 F. Supp. at 306.

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 5 of HCH's Statement. OFAC specified the following ground for its decision: "as a result of facts and circumstances that have come to the attention of this Office which were not included in the application of October 5, 1995, License No. C-18147. . . is hereby revoked retroactive to the date of issuance." *Havana Club Holding*, 974 F. Supp. at 306.

6.   **HCH'S STATEMENT:**

On July 12, 1995, Bacardi initiated TTAB Cancellation Proceeding number 92024108 by filing a petition to cancel the Havana Club Registration, naming HCH as respondent (the "TTAB Proceeding"). On August 18, 1996, Bacardi filed an amended petition to cancel, again naming HCH as respondent. By Order dated March 17, 1997, the TTAB suspended the TTAB proceeding pending the outcome of the Southern District litigation described below. *See* Complaint at ¶¶ 77, 82.

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 6 of HCH's Statement with the exception of the filing date of Bacardi's amended petition, which was August 19, 1996, not August 18, 1996. *See* Exhibit 1 to the Declaration of Renee L. Stasio. ("Stasio Decl.").

**7.     HCH'S STATEMENT:**

On December 24, 1996, HCH brought suit against Bacardi for trademark infringement and related claims under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) in the Southern District of New York in an action entitled *Havana Club Holding, S.A. et al. v. Galleon S.A. et al.*, 96 Civ. 9655 (SAS) (the "Prior Action"). Bacardi answered and asserted various counterclaims, including one asserting HCH's fraud on the USPTO. *See* Bacardi's January 13, 1997 Answer and Counterclaims in the Prior Action at 6-16 (attached as Exhibit 2 to Sims Decl.). Bacardi's claims alleging HCH's fraud on the USPTO was dismissed by the District Court's decision of March 31, 1998. *See Havana Club Holding, S.A. v. Galleon, S.A.*, 1998 WL 150983 (S.D.N.Y. Mar. 31, 1998) (attached as Exhibit 8 to Sims Decl.).

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 7 of HCH's Statement, but further adds that HCH's claim for

trademark infringement had been dismissed and HCH had not claimed any right to that mark in

the Contingent Agreement dated October 4, 2000. *See* Exh. 6 to Stasio Decl.

**8.     HCH'S STATEMENT:**

On October 17, 1997, Bacardi, in its Answer, Affirmative Defenses and Counterclaims to First Amended Complaint in the Prior Action, asserted a counterclaim for a declaratory judgment that it has "the prior, superior, and exclusive right to use of the designation HAVANA CLUB as a trademark for rum in the United States. . . ." *See* Exhibit 5 to Sims Decl. at page 16, par. 45.

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 8 of HCH's Statement.

**9.     HCH'S STATEMENT:**

On October 27, 2001, following lift of the Southern District's partial stay of its October 1997 Partial Judgment, the Acting Director of the USPTO issued an order directing the parties to the Prior Action, including Bacardi, to show cause why the records of the USPTO should not be rectified to reflect the provisions of that Partial Judgment restoring Cubaexport as the owner of the Havana Club Registration. *See* Exhibit 13 to Sims Decl.

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 9 of HCH's Statement. Instead of implementing the *Havana*

*Club Holding* court's Judgment pursuant to 15 U.S.C. § 1119, the PTO's Order gave the parties

14 days to show cause:

why the Director of the United States Patent and Trademark Office should not now rectify the records of the USPTO pursuant to 15 U.S.C. § 1119 to reflect the district court's order invalidating the following recorded assignments of the entire interest and goodwill in U.S. Reg. No. 1,031,651 (Serial No. 73/023981):

(1)  Reel: 1101 Frame: 0046
Assignor: Empresa Cubana Exportadora De Alimentos y Productos Varios, S.A. DBA Cubaexport
Assignee:  Havana Rum and Liquors, S.A.
(2)  Reel: 1129 Frame: 0428
Assignor: Havana Rum and Liquors, S.A.
Assignee: Havana Club holdings, S.A. DBA HCH, S.A.

(*See* Exhibit 13 to Sims Decl. at 2-3.)  The show cause order mentions nothing about "restoring Cubaexport as the owner of the Havana Club Registration." *Id.*

**10.    HCH'S STATEMENT:**

After receiving submissions from the parties, on January 15, 2002, Commissioner of Trademarks Anne Chasser denied Bacardi's request that the Havana Club Registration be canceled, and instead revised the USPTO's records so as to invalidate the assignments and restore Cubaexport as owner of the Havana Club Registration.  *See* Exhibit 14 to Sims Decl. Bacardi appealed Commissioner Chasser's decision to the United States Court of Appeals for the Federal Circuit, which dismissed the appeal.  *See* Exhibit 15 to Sims Decl.

   **BACARDI'S RESPONSE:**

Bacardi contests paragraph 10 of HCH's Statement, insofar as it characterizes the wording of the Commissioner's Order, which speaks for itself, or its legal effect.

**11.    HCH'S STATEMENT:**

On or about March 15, 2002, Bacardi filed a motion to resume the TTAB Proceeding, to substitute Cubaexport as respondent, and for summary judgment.  *See* Decision of TTAB Dated January 29, 2001 at 1.  By order dated January 21, 2003, the TTAB joined Cubaexport as a respondent (in lieu of substitution), and resumed the TTAB Proceeding <u>for the limited purpose of considering Bacardi's pending motion for summary judgment</u>.  *Id.* at 1-2.  HCH and then Cubaexport moved for dismissal, or in the alternative full disclosure, under the Government in the Sunshine Act, and opposed the motion on its merits.  *Id.*

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 11 of HCH's Statement.

12. **HCH'S STATEMENT:**

On January 29, 2005, the TTAB ruled (a) against the Sunshine Act motions, and (b) against Bacardi's petition to cancel in its entirety. *See* TTAB January 29, 2004 Decision, Exhibit 17 to Sims Decl.

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 12 of HCH's Statement. On January 29, 2004, the TTAB denied Bacardi's motion for summary judgment and *sua sponte* dismissed Bacardi's petition without notice to the parties or leave to amend.

13. **HCH'S STATEMENT:**

The plaintiffs in this action, Bacardi & Company Limited ("Bacardi & Co.") and Bacardi U.S.A., Inc., are the same parties as those in the Prior Action. Bacardi & Co. is the sole surviving entity after the 1997 merger of Galleon S.A. into Bacardi & Co., in which Bacardi & Co. succeeded to all of the assets of Galleon S.A. (a defendant in the Prior Action) and Bacardi & Co. assumed Galleon S.A.'s liabilities. During the course of the Prior Action, Bacardi & Co. was substituted into the Prior Action as a named party as the successor to Galleon with respect to the claims and counterclaims in the Prior Action. *See* Complaint at ¶ 12. Bacardi U.S.A., Inc., the other plaintiff in the present action, was formerly Bacardi-Martini U.S.A., Inc., a named defendant in the Prior Action. *See* Complaint at ¶ 13.

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 13 of HCH's Statement.

14. **HCH'S STATEMENT:**

Defendant Havana Club Holding, S.A., d/b/a HCH S.A. was a plaintiff in the Prior Action.

**BACARDI'S RESPONSE:**

Bacardi admits paragraph 14 of HCH's Statement.

15. **HCH'S STATEMENT:**

In January of 2002, Bacardi procured the *ex parte* assistance of Florida Governor Jeb Bush in connection with the TTAB Proceeding. *See* FOIA 12-13.

7

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 15 of HCH's Statement. The TTAB found that HCH's purported evidence of *ex parte* contracts was "quite unimpressive" and failed to demonstrate *ex parte* communications on the merits. (TTAB Decision dated January 29, 2004 at 7, 10, Exh. 2 to Stasio Decl.) The TTAB similarly found that Defendant Cubaexport "has not provided evidence of any ex parte communications" between Plaintiffs and the decision-makers in this case. *Id.* at 19. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 15 of HCH's Statement is deficient because its assertion concerns matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**16.   HCH'S STATEMENT:**

Among other assistance and ex parte contacts, on February 20, 2002, two of Governor Bush's aides met with USPTO attorney Eleanor Meltzer to discuss the HAVANA CLUB cancellation petition. (FOIA 34, 121-28).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 16 of HCH's Statement. The TTAB's findings, detailed in Bacardi's response to paragraph 15 above, contradict HCH's statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 16 of HCH's Statement is deficient because its assertion concerns matters of which HCH could not possibly have personal

8

knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

17. **HCH'S STATEMENT:**

On February 25, 2002, Bacardi President Jorge Rodriguez-Marquez met with USPTO officials, including then-Deputy Director Jon Dudas and Ms. Meltzer, to discuss the TTAB Proceeding. (FOIA 72-73, 42, 44, 146). During that meeting, Bacardi argued that the HAVANA CLUB registration should be cancelled.

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 17 of HCH's Statement. Mr. Rodriquez-Marquez was not the President of Bacardi. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 17 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

18. **HCH'S STATEMENT:**

On February 26, 2002, Bacardi sent an e-mail to Governor Bush asserting that, in the February 25 meeting, "female career lawyer" Ms. Meltzer revealed "personal negative feelings about [Bacardi's] case." (FOIA 42-43).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 18 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to

justify their opposition. Additionally, paragraph 18 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**19. HCH'S STATEMENT:**

In early March of 2002, Governor Bush's Washington aides spoke with Mr. Dudas by telephone "about the case", in which Mr. Dudas advised that the expected USPTO action [would come soon and would] "from all indications be favorable." (FOIA 0044).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 19 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 19 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**20. HCH'S STATEMENT:**

On March 19, 2002, Governor Bush's office informed Deputy Director Dudas of a summary judgment motion that Bacardi filed, and asked if the Governor's Office could be of any help. (FOIA 69).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 20 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion.

Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 20 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**21.    HCH'S STATEMENT:**

On March 20, Bacardi's President sent to Travis Thomas, Director of the Commerce Department's Office of Business Liaison, an e-mail with copies of Bacardi's summary judgment motion, along with Bacardi's arguments as to why Cubaexport is not entitled to the HAVANA CLUB registration. (FOIA 145-46).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 21 of HCH's Statement. Bacardi's President was not Mr. Rodriguez-Marquez. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 21 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**22.    HCH'S STATEMENT**:

On March 21, 2002, after speaking with Bacardi's president, Thomas forwarded to Deputy Director Dudas the March 20 e-mail. (FOIA 145).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 22 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 22 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**23.     HCH'S STATEMENT:**

On April 9, 2002, Bacardi's president requested that Governor Bush help put more "pressure" on the USPTO. (FOIA 70.) From April through the beginning of June 2002, Bacardi and the Governor's staff prepared a letter from Governor Bush himself to "get this resolved." (FOIA 75-91; 102-09.)

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 23 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 23 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**24.   HCH'S STATEMENT:**

On April 26, 2002, the Governor's staff decided to "move up the food chain" to USPTO Director James Rogan.  (FOIA 78).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 24 of HCH's Statement.  Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion.  Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition.  Additionally, paragraph 24 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate.  These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**25.   HCH'S STATEMENT:**

June 13, 2002, Governor Bush sent a letter to Director Rogan, expressly on behalf of Bacardi, stating that the HAVANA CLUB registration "should be cancelled immediately." (FOIA 9-10).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 25 of HCH's Statement.  Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion.  Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition.  Additionally, paragraph 25 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate.  These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

Bacardi further states that the TTAB held that the letter was not an *ex parte* communication on the merits.  (TTAB Order dated January 21, 2003 at 15-17, Exh. 3 to Golden Decl.)  Instead, the Board held it was "a complaint on behalf of a Florida-based business about delays in the cancellation process with a request for status information, rather than an *ex parte* communication on the merits."  *Id.* at 16-17.

26.     **HCH'S STATEMENT:**

Director Rogan replied on July 3, assuring Governor Bush that the TTAB would afford expeditious action, as requested.  (FOIA 0002-0003).

**BACARDI'S RESPONSE:**

Bacardi contests  paragraph 26 of HCH's Statement.  Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion.  Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition.  Additionally, paragraph 26 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate.  These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

Bacardi further states that the TTAB held that "Director Rogan 'took the June 13 letter as a status inquiry and responded as was appropriate with a recitation of the procedural status of the matter.'  Its contents did not relate to the merits of the proceeding."  (TTAB Order dated January 21, 2003 at 17, Exh. 3 to Golden Decl.).

27.     **HCH'S STATEMENT:**

Governor Bush replied to Director Rogan by letter on July 16, thanking him for both his "attention to this matter" and the "continued assistance of [Deputy Director] Jon Dudas."  (FOIA 0011).

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 27 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 27 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

Bacardi further states that the TTAB held that the letter was "a thank you note" not an *ex parte* communication on the merits. TTAB order dated January 21, 2003 at 17 (Exh. 3 to Golden Decl.).

Bacardi further submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, HCH's Statement is deficient because, among other things, many of its assertions of fact concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate, so these purported factual assertions are, at best, conjecture or speculation on HCH's part.

**28.    HCH'S STATEMENT:**

On September 3, 2002, Deputy Director Dudas met with Bacardi representatives to discuss the cancellation proceedings. (FOIA 132).

15

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 28 of HCH's Statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 28 is deficient because its assertions concern matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in which HCH did not participate. These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

**29.    HCH'S STATEMENT:**

Defendant Havana Club Holding, S.A. was never invited to attend (or present at) the meetings that Bacardi and its agents were afforded by Deputy Director Dudas and other TTAB and USPTO officers or staff; was never copied on the written or electronic *ex parte* communications or any resulting communications; was never provided with a description of what transpired during the numerous ex *parte* conversations and meetings that Bacardi and those acting on its behalf had with Deputy Director Dudas and other TTAB and USPTO officers or staff; was not apprised of what Bacardi and its agents said in the (at least) two meetings with Deputy Director Dudas; and still has not been provided with all of the relevant documents within the USPTO comprising or reflecting the *ex parte* communications.

**BACARDI'S RESPONSE:**

Bacardi contests paragraph 29 of HCH's Statement. The TTAB's findings, detailed in Bacardi's response to paragraph 15 above, contradict HCH's statement. Bacardi submits that no discovery has been had concerning the subject matter of HCH's partial summary judgment motion. Accordingly, pursuant to Rule 56(f), plaintiffs are unable to present by affidavit facts essential to justify their opposition. Additionally, paragraph 29 of HCH's Statement is deficient because its assertion concerns matters of which HCH could not possibly have personal knowledge as required by Rule 56(e), including alleged communications between non-parties in

16

which HCH did not participate.  These purported factual assertions are hearsay, conjecture, or speculation on HCH's part, and are therefore improper under Rule 56(e).

        Respectfully submitted,

|  | /Electronic filing/<br>Eugene D. Gulland (D.C. Bar No. 175422)<br>Oscar M. Garibaldi (D.C. Bar No. 251330)<br>Emily Johnson Henn (D.C. Bar No. 471077)<br>COVINGTON & BURLING<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291<br><br>William R. Golden, Jr.<br>Michelle M. Graham<br>KELLEY DRYE & WARREN<br>101 Park Avenue<br>New York, NY  10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897 |
|---|---|
| Dated:  August 30, 2004 | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned member of the bar of this court hereby certifies that true and correct copies of the foregoing Plaintiffs' Response to HCH's Statement of Undisputed Facts were served upon:

| | |
|---|---|
| Richard L. Rainey (D.C. Bar No. 452996)<br>Renée L. Stasio (D.C. Bar No. 484626)<br>FISH & NEAVE<br>1899 Pennsylvania Avenue, N.W.<br>Washington, DC  20006<br>Telephone: (202) 303-2450<br>Facsimile: (202) 303-2490<br><br>*Attorneys for Defendant Cubaexport* | Bruce E. Boyden (D.C. Bar No. 468710)<br>PROSKAUER ROSE LLP<br>1233 20th St. N.W., Suite 800<br>Washington, DC  20036<br>Telephone: (202) 416-6800<br>Facsimile: (202) 416-6899<br><br>Charles S. Sims<br>Jenifer deWolf Paine<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY  10036<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900<br><br>*Attorneys for Defendant HCH* |

by electronic filing under the Rules of this Court.

Dated:  August 30, 2004

                                            Respectfully submitted,

                                            /Electronic filing/
                                            Emily Johnson Henn (D.C. Bar No. 471077)
                                            COVINGTON & BURLING
                                            1201 Pennsylvania Avenue N.W.
                                            Washington, D.C. 20004
                                            (202) 662-6000

                                            *Attorney for Plaintiffs*