**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BARCARDI & COMPANY LTD, et al.          :
        Plaintiffs,          :
                   :
  vs.          :          Civil Action No. 04-519
                   :          (EGS)
CUBANA EXPORTADORA DE ALIMENTOS          :
Y PRODUCTOS VARIOS, et al.          :
                   :
        Defendants.          :
_____

## <u>ORDER</u>

Upon consideration of the defendants' motion for summary judgment and motion to dismiss the complaint, the plaintiffs' opposition thereto, and the defendants' replies, it is hereby

**ORDERED** that the motions are DENIED WITHOUT PREJUDICE subject to refiling after limited discovery; and it is further

**ORDERED** that the defendants file a pleading responsive to the complaint by no later than **<u>MARCH 2, 2005</u>**; and it is further

**ORDERED** the Initial Scheduling Conference is set for **<u>APRIL 1, 2005 AT 10:15 A.M.</u>**  Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2000, and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel shall confer by no later than **<u>MARCH 18, 2005</u>** and submit their Report addressing all topics listed in LCvR16.3(c) by no later than **<u>MARCH 25, 2005.</u>**  Counsel are

directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR.3(c), as amended December 1, 2000, and attached hereto as Appendix I.  In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties.  Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed to by all parties.  Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter.  Inquires concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Carol Votteler (202/354-3152), or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at

202/354-3260.


Date FEBRUARY 2, 2005          EMMET G. SULLIVAN
                               UNITED STATES DISTRICT JUDGE

Notice to:

Emily Johnson Henn, Esquire
Renee L. Stasio, Esquire

**APPENDIX I**

**RULE 16.3**
**DUTY TO CONFER**

(c)  **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties shall discuss the following matters:

* * *

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other for of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  where settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa) whether ADR should take place after the informal exchange or production through discovery or specific items of information; and

      (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and

    (V)   whether cost savings or any other
practical advantage would flow from a
stay of discovery or of other pre-trial
proceedings while ADR process is
pending.