**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BARCARDI & COMPANY LIMITED, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EMPRESA CUBANA EXPORTADORA DE ALIMENTOS Y PRODUCTOS VARIOS, INC., *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-519 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Plaintiffs Bacardi & Co., Ltd. and Bacardi U.S.A., Inc. (collectively "Bacardi") filed this suit in 2004 to contest the "Havana Club" trademark owned by defendants Empresa Cubana Exportadora ("Cubaexport") and Havana Club Holding S.A. ("HCH"). Counts I and V of the complaint seek the cancellation of defendants' Havana Club trademark. Counts II, III, and IV seek declaratory relief, specifically that the Court declare that (1) plaintiffs have a common law trademark for Havana Club, (2) plaintiffs' use of the Havana Club mark will not violate federal trademark laws, and (3) plaintiffs' use of the Havana Club mark will not violate any state laws.

On August 3, 2006, the Patent and Trademark Office ("PTO") issued an order cancelling defendants' trademark. The parties

1

agree that this decision has been or will be appealed.  In addition, Pernod Richard, majority shareholder of HCH, is contesting the PTO decision in a suit in federal court in Delaware.  On September 15, 2006, plaintiffs filed a motion to stay the case pending final resolution of any appeal from the PTO decision.  Defendants consent to the stay with regard to Counts I and V because those claims seek cancellation of the trademark.  Defendants oppose a stay with regard to Counts II, III, and IV because they believe those claims should be dismissed for lack of jurisdiction or on the merits.  Thus, in addition to their oppositions to the motion to stay, defendants each filed motions to dismiss Counts II, III, and IV.  Plaintiffs did not respond to the motions to dismiss, but instead filed a motion for extension of time to respond, arguing that an extension should be granted because the case should be stayed.

## ANALYSIS

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere."  *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v.*

*Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-55).  "Indeed, 'a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Hisler*, 344 F. Supp. 2d at 35 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Plaintiffs have stated that if they prevail on appeal, they will have obtained the relief sought in this suit and further pursuit of their claims here would be unnecessary.  Therefore, they argue that staying the case will conserve judicial resources, and save time and effort for the Court and the parties.  For instance, plaintiffs point out that staying the case will obviate the need to decide defendants' pending motions to dismiss.

Defendants' argument against the stay is that the Court must address its jurisdiction over the declaratory judgment claims before it can stay those claims.  There is some support for that proposition.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998) (holding that the "requirement that jurisdiction be established [is] a threshold matter").  More convincing, however, is the approach employed by Judge Urbina when recently faced with similar circumstances.  In *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Americas*,

3

402 F. Supp. 2d 289 (D.D.C. 2005), the plaintiff had moved to stay the case pending resolution of a related arbitration proceeding, and defendants had moved to dismiss for lack of jurisdiction.  *Id.* at 292-93.  The court observed that the arbitration outcome may moot the defendants' motion to dismiss and resolve the issues in the case in their entirety.  *Id.* at 293.  Thus, in the interest of judicial economy, the court granted the motion to stay.  *Id.*  The same reasoning applies here with equal force because resolution of the PTO action may moot this entire case.  In addition, this Court retains jurisdiction over the suit as a whole because of Counts I and V.

Moreover, the resolution of defendants' jurisdictional arguments will not be straightforward because a recent Supreme Court decision, *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), has substantially altered the standard for declaratory judgment jurisdiction.  *See Sandisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007) ("The Supreme Court's opinion in *MedImmune* represents a rejection of our reasonable apprehension of suit test."); *id.* at 1380 n.2 (declining to address whether *MedImmune* affects the second prong of the Federal Circuit's two-prong test); Def. Cubaexport's Mot. to Dismiss at 5 (relying on the Federal Circuit's test for jurisdiction).  Finally, defendants will not be unduly prejudiced if the Court grants the stay.  Defendants claim that doing so

will deny them finality in this action. This is argument is misplaced though, because all parties agree that Counts I and V should be stayed, and thus the case will continue even if the declaratory judgment claims are dismissed.

## CONCLUSION

Plaintiffs' motion to stay the case is **GRANTED** in the interest of judicial economy and because defendants will not be unduly prejudiced. Due to the recent change in declaratory judgment law, defendants' motions to dismiss are **DENIED without prejudice** to reconsideration if and when the stay is lifted and proceedings continue. Therefore, plaintiffs' motion for an extension of time to respond to the motions to dismiss is **DENIED** as moot. Finally, the parties are directed to file a joint status report regarding the PTO appeal proceedings and recommendation for future proceedings in this case by no later than July 24, 2007. An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            May 24, 2007**