# Exhibit 1

Pl# 5
459

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAVANA CLUB HOLDING, S.A. and
HAVANA CLUB INTERNATIONAL, S.A.,

           Plaintiffs,

- against -

96 Civ. 9655 (SAS)

GALLEON, S.A., BACARDI-MARTINI U.S.A.,
INC., GALLO WINE DISTRIBUTORS, INC.,
G.W.D. HOLDINGS, INC. and PREMIER
WINE AND SPIRITS,

           Defendants.

---

## UNDISPUTED FACTS

The parties have stipulated and agreed that for purposes of this litigation the Court may consider the following facts as if proven at trial. The parties do not concede the materiality or relevance of these facts.

1. Plaintiff Havana Club International, S.A. ("HCI") is a joint stock company organized under the laws of the Republic of Cuba, and categorized as a "joint venture" under Cuban law. It was established and domiciled in Cuba with its principal place of business there. Plaintiff Havana Club Holding, S.A. ("HCH") is a corporation organized under the laws of Luxembourg and was registered there on or about November 19, 1993.

2. Plaintiffs Havana Club International, S.A. and Havana Club Holding, S.A. were formed in connection with a November 1993 agreement ("Convenio Asociativo") between Pernod Ricard, S.A., a French company, and Havana Rum & Liquors, S.A. ("HRL"). As

Undisputed Facts - 1

specified by the Convenio Asociativo, Pernod Ricard, S.A. and Havana Rum & Liquors, S.A. each own 50% of Havana Club Holding, S.A. with corresponding representation on its board of directors, and, directly and through their ownership interests in Havana Club Holding, S.A., each own 50% of Havana Club International, S.A. Corporacion Cuba Ron supplies rum to Havana Club International, S.A. pursuant to a supply agreement established pursuant to the Convenio Asociativo.

3. Defendant Galleon, S.A. ("Galleon") was, prior to its merger into defendant Bacardi and Co. Ltd., ("Bacardi & Co.") a company organized under the laws of The Commonwealth of the Bahamas, with its principal place of business in Nassau, Bahamas. Defendant Bacardi & Co. is a company organized under the laws of Liechtenstein with its headquarters in Nassau, Bahamas. Defendant Bacardi-Martini U.S.A. ("Bacardi-Martini"), Inc. is a corporation organized under the laws of Delaware with its principal place of business in the State of Florida. The defendants Bacardi & Co., Ltd. and Bacardi-Martini U.S.A., Inc. (hereafter "Bacardi" or "Bacardi Defendants") are under common ownership and control. The defendant Gallo Wine Distributors, Inc. is a corporation organized under the laws of New York and maintains its principal place of business in New York.

4. Since January 1, 1994, Havana Club International, S.A. has been in the business of exporting Havana Club rum.

5. Havana Club International, S.A. (hereafter sometimes "HCI") distributes Havana Club rum under license from Havana Club Holding, S.A.

6. Since 1994, the Havana Club rum produced under the authority of HCH by HCI has been sold in Spain, France, Germany, Italy, the United Kingdom, Canada, Mexico, Japan and Panama.

Undisputed Facts - 2

7. Prior to Havana Club International, S.A., Empress Cubana Exportadora de Alimentos y Productos Varios ("Cubaexport"), and, after Cubaexport for a time in 1993, Havana Rum & Liquors, S.A., exported Havana Club rum from Cuba.

8. Havana Club International, S.A.'s advertising and promotional materials for Havana Club rum promote it as a Cuban-origin rum.

9. Havana Club International, S.A.'s Havana Club label typically proclaims the product to be "El Ron de Cuba" ("The Rum of Cuba") and contains a map of the island of Cuba.

10. Havana Club International, S.A.'s advertisements and promotional literature typically contain the slogan "El Ron de Cuba" ("The Rum of Cuba") or "El Almade Cuba" ("The Soul of Cuba").

11. Part of Havana Club International, S.A.'s marketing strategy has been to capitalize on tourism to Cuba.

12. None of the ingredients used in making the Havana Club rum produced by Bacardi in the Bahamas comes from Cuba.

13. Bacardi's Havana Club rum was produced by defendant Bacardi and Co., Ltd. and imported into the United States exclusively by defendant Bacardi-Martini U.S.A., Inc. Barcardi-Martini U.S.A., Inc. distributed the Havana Club rum in the United States through wholesalers, including defendant Gallo Wine Distributors in New York. Bacardi's Havana Club rum has been offered for sale and sold to consumers in New York.

14. A true and accurate copy of the front and back of defendants' Bahamian Havana Club rum are appended to the Complaint.

15. Bottles of liquor displayed to consumers on shelves in retail liquor stores typically are turned to the front.

16. Cuba is an island in the Caribbean Sea.

17. The labels used in the 1995 shipments of Bahamian Havana Club were black and white, "crack 'n peel" labels.

18. Raul Marmol was Vice President and Director of Marketing at BMUSA as of January 1997 and Director of Marketing since at least January 1, 1995.

19. Bacardi shipped 16 cases of Havana Club rum to four distributors in August and September 1995.

20. The BACARDI rum sold in the United States since World War II has principally been produced at the Bacardi distillery in San Juan, Puerto Rico.

21. On July 12, 1995, defendants commenced a cancellation proceeding in the TTAB against Havana Club Holdings, S.A., in whose name the Havana Club trademark was then registered. Another cancellation proceedings concerning the Havana Club trademark was brought by Jose Ma. Arechabala Rodrigo on May 9, 1994.

22. Certain Bacardi executives in international marketing sought and compiled information concerning the marketing and sales of Havana Club rum by HCI in Spain.

23. In 1992, Cubaexport shipped Cuban rum in bulk to Panama for bottling there by a Panamanian company. Cubaexport continued to bottle the rum as well in Cuba, Canada and Spain.

24. No Havana Club Silver Dry rum distributed by HCI has ever been sold in the United States.

25. BACARDI is one of the leading spirits brand in the world.

26. BACARDI rum produced in San Juan, Puerto Rico, bears the label statement "Puerto Rican Rum" on the front label as required by Puerto Rican law.

Undisputed Facts - 4

27. Cubaexport and Bodegas de America, S.A., part of the Varela Group, entered into a two-year agreement, a true copy of which has been designated as an exhibit by plaintiffs.

28. Jose Arechabala, S.A. was a corporation organized under the laws of Cuba with its principal offices in Cardenas, Cuba, and was principally owned by members of the Arechabala family descended from the company's founder.

29. On October 13, 1960, the Republic of Cuba issued Law No. 890.

30. Since October 1960, Jose Arechabala, S.A. has not sold rum in the United States under the Havana Club name or trademark.

31. The registrations of the Havana Club trademark in the United States owned by Jose Arechabala, S.A. lapsed by reason of failure to file a Section 8 affidavit and failure to file renewals.

32. On June 11, 1974, an application to register the Havana Club trademark in the United States was filed by Cubaexport. This application was duly published by the United States Patent and Trademark Office ("USPTO") for opposition on November 4, 1975. U.S. Registration No. 1,031,651 for the trademark Havana Club for rum issued to Cubaexport on January 27, 1976.

33. Jose Maria Arechabala y Arechabala and Jose M. Arechabala Rodrigo were members of the Arechabala family during the period 1960-1993. The former is too old and infirm to testify at oral deposition or trial, and the latter is deceased.

34. Plaintiff Havana Club Holding, S.A. is a corporation organized in November 1993 and existing under the laws of Luxembourg.

35. The members of the board of directors of Havana Club Holding S.A. after its incorporation were as follows:

Thierry Jacquillat ("Jacquillat")  Luis Perdomo Hernandez ("Perdomo")

Undisputed Facts - 5

Paris, France                                      Havana, Cuba

Patrick Ricard ("Ricard")                          Vidal Prieto Espina ("Prieto")
Paris, France                                      Havana, Cuba

36. Havana Rum and Liquors, S.A. is a corporation organized under the laws of Cuba in 1993. HRL is wholly owned by Cuban nationals. Mr. Perdomo was named President of HRL when it was established.

37. HRL owns 50% of the stock of plaintiff HCH. The other 50% of the stock of plaintiff HCH is owned by Pernod Richard, SA ("Pernod").

38. Thierry Jacquillat is the President, and Luis Perdomo is the Vice President of the Board of Directors of HCH, and they have served in those positions substantially since the corporation's inception.

39. HCH is a shareholder in plaintiff HCI. HCH owns 50% of the stock of HCI. HRL owns 25% of the stock of HCI directly and 25% indirectly through its ownership interest in HCH. Pernod owns 25% of the stock of HCI directly and 25% indirectly through its ownership interest in HCH.

40. Noel Adrian is the managing director of plaintiff HCI. Maria Del Carmen Abarrategui Goicolea ("Abarrategui") has been the head of the commercial department of HCI since its commencement of business.

41. Plaintiffs HCH and HCI are designated Cuban nationals as defined by 31 C.F.R. §513.305.

42. HCH has no place of business in the United States and has never conducted any business of any nature whatsoever in the United States.

43. HCI has no place of business in the United States and has never conducted business in the United States of any nature whatsoever.

44. HCI is not presently allowed by United States law to distribute HAVANA CLUB rum produced in Cuba in the United States.

45. Neither plaintiff HCH nor HCI ever obtained a label approved from the U.S. Bureau of Alcohol, Tobacco and Firearms (AFT) for any distilled spirits product, including, but not limited to HAVANA CLUB rum.

46. Defendants Bacardi-Martini (U.S.A.) is a Delaware corporation headquartered in Miami, Florida.

47. Defendant Galleon, S.A. was a company organized under the laws of the Commonwealth of the Bahamas.

48. Defendant Bacardi & Company Limited is a company organized and existing under the laws of Liechtenstein with headquarters and a place of business at Millar Road in Nassau, Commonwealth of the Bahamas.

49. Bacardi & Co. is the sole surviving entity after the merger of Galleon into Bacardi & Co., in which merger Bacardi & Co. succeeded to all the assets of Galleon and Bacardi & Co. assumed all its liabilities. Bacardi & Co. was substituted into this action as a named party as the successor to Galleon with respect to the claims and counterclaims asserted herein.

50. Bacardi & Co., by virtue of its merger with Galleon, owns App. Ser. No. 74/572,667 to register the mark HAVANA CLUB for "rum and rum speciality drinks" in International Class 33 in the PTO and succeeded to Galleon's rights, if any, in the trademark HAVANA CLUB for "rum."

51. The defendants Bacardi-Martini and Bacardi & Co. are under common ownership and control and will be referred to collectively herein as "Bacardi" or the "Bacardi Defendants."

52. Bacardi & Co. is engaged, among other things, in producing, distributing, and selling rum. Bacardi & Co. is the owner of a number of trademarks, including the marks BACARDI and CASTILLO for rums. In 1994, a predecessor of Bacardi & Co. filed an Intent-To-Use Application Serial No. 741,572,667 to register the mark HAVANA CLUB for rum.

53. Bacardi-Martini is engaged, among other things, in the business of importing, distributing, and selling distilled spirit, wines, and alcohol specialty products in interstate commerce throughout the United States.

54. Bacardi-Martini under authority granted by the trademark owner, Bacardi & Co., is the exclusive distributor of BACARDI and CASTILLO rum in the continental United States.

55. Bacardi-Martini owns all the requisite federal and state permits to import rum and other distilled spirits into the United States and to sell such distilled spirit products to licensed wholesalers in New York and elsewhere wherever the sale of distilled spirit products are permitted by law.

56. The Bacardi rum business was first founded in Cuba by Don Facundo Bacardi prior to the turn of the century and the parent company of plaintiffs, Bacardi Limited, is principally owned by the descendants of his family.

57. Compania Ron Bacardi, S.A., a Cuban joint-stock company, was originally headquartered in Santiago de Cuba, and formerly produced BACARDI rum in Cuba.

58. BACARDI rum is today the best-selling brand of spirits in the United States and a leading brand in the world.

59. Jose Arechabala S.A. ("JASA") was a corporation established under the laws of the Republic of Cuba which had its principal offices in Cardenas, Cuba.

60. JASA succeeded to the rum business originally founded by the Arechabala family. JASA and one or more related companies owned by the Arechabala family were engaged in a variety of industries in Cuba, including sugar, candy, and refining.

61. On or about 19 March 1934, Cuban Registration No. 53,614 of the mark HAVANA CLUB was issued to JASA for "brandy, cognac and other potable distilled liquors."

62. For some period of time up until 1960, JASA exported HAVANA CLUB rum for distribution and sale in the United States.

63. On October 13, 1960, Cuban Law No. 890 was issued.

64. Empresa Cubana Exportadora De Alimentos y Productos Varios (Cuban Export Enterprise of Food and Various Products) d/b/a ("Cubaexport") is a Cuban state foreign trade enterprise established by the Cuban Ministry of Foreign Commerce for the purpose of exporting food and other products. Cubaexport has offices in Havana, Cuba. One of the products exported by Cubaexport was rum.

65. During the 1970's and 1980's, Cubaexport's principal export markets for HAVANA CLUB were in the Soviet Union and Eastern Europe.

66. From 1972 until sometime in 1993, Cubaexport was the exclusive exporter of HAVANA CLUB rum from Cuba.

67. Miguel Antonio Pria Groso ("Pria Groso") was an officer of Cubaexport from 1972 to 1980. From 1980 to 1988, he worked for the Ministry of Foreign Commerce as vice

director of the department of promotion of exports. The Ministry of Foreign Commerce had jurisdiction over certain state enterprises, including Cubaexport, and Pria's responsibilities included activities with respect to Cubaexport's Havana Club rum business.

68. Ms. Abarrategui was the director of market research at Cubaexport from 1975 until 1980. From 1980 until 1993, Ms. Abarrategui was Vice President of Cubaexport and directed its Department of Marketing and Sales.

69. From 1972 until 1993, Empresa de Bebidos y Liquors, a Cuban state enterprise, produced HAVANA CLUB rum in Cuba, which Cubaexport exported under the HAVANA CLUB mark. Luis Francisco Perdomo Hernandez was the Director of that company from 1973 until 1993.

70. On January 27, 1976, U.S. Reg. No. 1,031,651 of the mark HAVANA CLUB and DESIGN was issued to Cubaexport.

71. The DESIGN portion of the mark registered in the United States included the words "Fundada en 1878."

72. Pernod, through its subsidiaries and affiliates, is an international producer and distributor of distilled spirits, wines, and other beverage products. In or about November 1993, Pernod, a French corporation with offices at 142 Boulevard Hausmann, Paris, France signed an Association Agreement ("Convenio Asociativo") with Havana Rum & Liquors, S.A. and Corporacion Cuba Ron.

73. One purpose of the Convenio Asociativo, inter alia, was to expand the exports of HAVANA CLUB rum from Cuba by, *inter alia*, the creation of Havana Club International, S.A.

74. In 1993, Corporacion Cuba Ron, S.A. ("Cuba Ron") was organized.

Undisputed Facts - 10

75. Cuba Ron is owned 100% by Cuban nationals. Mr. Perdomo was made President of Cuba Ron when it was formed in 1993.

76. In 1993 certain rum-producing assets and work force used to produce HAVANA CLUB rum were transferred to Cuba Ron from Empresa de Bedidos y Liquors.

77. A legal advisor to Pernod Ricard, SA, Emilio Cuatrecasas, met in 1993 with Mr. Jose Maria Arechabala Rodrigo (now deceased), Jose Manuel Arechabala Fernandez and perhaps, others.

78. On or about February 7, 1994, certain members of the Arechabala family formed an association in Spain called the Asociacion de Proprietarios del Grupo de Empresas Arechabala ("AJASACUBA") ("Association of Owners of the Group of Arechabala Enterprises") to protect the rights of the owners of the Arechabala Group, which had included JASA and numerous other Cuban properties as well.

79. On May 3, 1994, Jose Maria Arechabala Rodrigo filed a petition in the PTO to cancel Registration No. 1,031,651 of the mark HAVANA CLUB owned in the name of Cubaexport on the grounds of abandonment.

80. An effort was made in 1994 by the Arechabalas to reach an agreement with International Distillers & Vintners Limited ("IDV"), an international distilled spirits company, with respect to HAVANA CLUB rum and a memorandum of understanding was signed between IDV and at least some members of the Arechabala family. In or about March 1995, IDV advised the Arechabalas that it did not wish to continue with the plan.