# Exhibit 13

# CONVOCATORIA DE JUNTA GENERAL EXTRAORDINARIA
## DE ACCIONISTAS DE JOSE ARECHABALA, S.A.

Estimado Accionista:

Nos dirigimos a Ud en nuestra condición de Presidente y Secretario del Consejo de Administración de JOSE ARECHABALA, S.A., formalmente domiciliada en Cárdenas Cuba, a fin de convocarle a la Junta General Extraordinaria de Accionistas que tendrá lugar el próximo día 16 de Abril de 1997 a las 14:00 horas en LGT Bank en Liechtenstein AG, Herrengasse 12, Vaduz, Liechtenstein, en primera convocatoria, y el día 17 de Abril, en el mismo lugar y hora, en segunda convocatoria si no se alcanzase el quórum necesario para que la del día 16 quedase válidamente constituida.

Como bien sabes, la compañía ha permanecido inactiva y sin posibilidad alguna de realizar su fin social durante cerca de 35 años. Asimismo las circunstancias, de todos conocidas, que no sen la vida de esta compañía, la ubicación de su domicilio social, su nacionalidad y la naturaleza de sus accionistas hacen imposible que la Junta se celebre en el domicilio social y sea convocada estrictamente en la forma prevista en los Estatutos.

Ante la paralización de la vida social y a fin de proteger los legítimos intereses de los accionistas y de terceros, se procede a la convocatoria personal e individualizada de la Junta, donde solicitaremos fundamentalmente vuestro voto para proceder a la disolución y ordenada liquidación de la compañía y su patrimonio social, por los ya expuestos motivos de imposibilidad de realización de su fin social.

Esta convocatoria se efectuará en España, en Liechtenstein y en Miami (EEUU), lugares todos ellos relacionados con el actual accionariado de la compañía.

El artículo 28 del Estatuto de la Compañía establece que, a efectos de concurrir a una Junta, los accionistas deberán acreditar su condición de tales depositando las acciones de que sean poseedores en poder del Secretario, antes del comienzo de la Junta. Dadas las circunstancias por todos conocidas, a efectos de la Junta que se convoca en este acto se aceptará la acreditación de la condición de accionista mediante cualquiera de los métodos siguientes:

a) Depósito de los títulos de las acciones, según lo establece el Artículo 28 del Estatuto.

b) Para los sobrevivientes de quienes eran accionistas según el listado de socios al 31 de Diciembre de 1959, que obra en poder del Secretario de la Compañía y solamente en relación con las acciones atribuidas a los mismos en dicho listado, simple acreditación de identidad.

c) Para los herederos o legatarios de quienes eran accionistas según el listado referido en el punto anterior y que han fallecido, a los herederos o legatarios de los anteriores, copia auténtica de los respectivos partidos de defunción y de los respectivos documentos o declaraciones de herederos y cuadernos de partición o documentos equivalentes según la legislación aplicable) que acrediten la adjudicación de las acciones en cuestión a quien invoca la titularidad de las mismas. En caso de que no haya habido partición o adjudicación de las acciones, se considerará que las mismas son de copropiedad indivisa de los herederos que acreditan su condición de tales mediante la documentación indicada anteriormente. De acuerdo con el Artículo 13 de los Estatutos, los copropietarios de acciones deberán elegir a uno de ellos para ejercer el derecho de voto correspondiente a tales acciones. El copropietario electo deberá acreditar su condición de tal mediante documento público o documento privado cuya(s) firma(s) esté(n) autenticada(s) por Notario.

d) Para los adquirentes, si los hubiere, acreditación del título de adquisición y del título de sus causahabientes posteriores si los accionistas reconocidos en el listado a que se refiere el punto b).

e) Cualquier otro medio reconocido en derecho por la (a) juicio del Presidente de la Junta acredite que quien invoca su condición de accionista es legítimo titular de las acciones a que dice tener derecho.

Todo accionista que tenga derecho de asistencia podrá hacerse representar en la Junta General por medio de otra persona aunque no sea accionista. La representación deberá acreditarse mediante carta o documento privado cuya firma esté autenticada por Notario. Asimismo el accionista podrá hacerse representar por persona que ostente poder general contenido en documento público para administrar todo el patrimonio del representante o poder notarial especialmente conferido para esta Junta.

El Orden del Día que se propondrá a la Junta para, en su caso, la adopción de los pertinentes acuerdos es el siguiente:

## ORDEN DEL DIA:

1. Ratificación de los acuerdos adoptados en la Junta General Extraordinaria de Accionistas celebrada el pasado día 25 de Febrero de 1997, salvo el acuerdo de traslado provisional del domicilio de la compañía a Madrid, que se propondrá que quede sin efecto y ratificación asimismo de los del Consejo de Administración de 10 de Febrero de 1997.

2. Fijar, con carácter provisional, a los efectos de que los socios puedan acceder a la información y puedan ejecutarse efectivamente los acuerdos de disolución y liquidación que a continuación se proponen, la sede de dirección de la compañía el LGT Bank en Liechtenstein AG, Herrengasse 12, Vaduz, Liechtenstein.

3. Determinación del patrimonio social de la compañía.

4. Adopción, si procede, del acuerdo de disolución de la misma.

5. Apertura del período de liquidación y aprobación del Balance inicial de la liquidación.

6. Nombramiento de tres liquidadores.

7. Autorizaciones a los liquidadores para la realización de cuantos actos y otorgamiento de cuantos contratos, acuerdos y documentos, incluyendo la delegación de sus propias facultades, sean necesarios para la liquidación del haber social y, en particular, para la transmisión, licencia o cesión de uso, según sea el caso, de los bienes, derechos y acciones que la compañía posee en relación con las marcas y nombres comerciales "Havana Club" y "Arechabala", de como de cualquier derecho conexo con los mismos.

8. Aprobación, si procede, de la reunión a la la Junta, o verbalmente durante la misma, los informes o aclaraciones que estimen precisos acerca de los asuntos que componen el Orden del Día.

9. Ruegos y preguntas.

Los accionistas podrán solicitar por escrito, con anterioridad a la reunión de la Junta, o verbalmente durante la misma, los informes o aclaraciones que estimen precisos acerca de los asuntos que componen el Orden del Día, en la sede provisional de dirección a que se refiere el punto 2 del Orden del Día.

Atentamente,

## EL PRESIDENTE Y EL SECRETARIO DEL CONSEJO DE ADMINISTRACION





PLAINTIFF'S
EXHIBIT
230
Bloomberg No. 5113



Plaintiffs
EXHIBIT NO. 11
1/20/98
K. LILLY



STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

# CERTIFICATION

This is to certify that I am fluent in both English and Spanish languages and that the attached translation is, to the best of my knowledge and ability, an accurate rendition of a document entitled __Notice of Meeting of Shareholders of Jose Arechabala S.A.__ into English

New York, _____October 12th_____, 1998

FOREIGN TRANSLATIONS CENTER, LTD.

Translator: Susan E. Geddes

Sworn to and subscribed before me on
_____October 12th_____, 1998

Kamran Bayegan
Notary Public
State of New York
No. 01BA-4869903
Qualified in New York County
Commission Expires: 09/02/2000

Foreign Translations Center, Ltd.
1501 Broadway, Suite 2002 * New York, N.Y. 10036 * (212) 575-0650 * Fax (212) 391-4308
156 Franklin Street * Elmont, N.Y. 11003 * (516) 775-2712

## CONVOCATION TO THE SPECIAL GENERAL MEETING OF STOCKHOLDERS IN JOSE ARECHABALA, S.A.

Dear Stockholder:

We are contacting you in our positions as Chairman and Secretary of the Board of Directors of JOSE ARECHABALA, S.A., formally domiciled in Cárdenas, Cuba, in order to call you to the Special General Meeting of Stockholders to be held on April 16th, 1997, at 2:00 p.m. in LGT Bank en Liechtenstein AG, at Herrengasse 12, Vaduz, Liechtenstein, on the first convocation, and on the 17th of April, at the same time and place, on the second convocation if the quorum required for the meeting on the 16th to be legally constituted is not achieved.

As you well know, the company has remained inactive, with no possibility of achieving its company purpose during the past 35 years. Likewise, the circumstances, known to all, surrounding the company, the location of its company headquarters, its nationality and the nature of its stockholders make it impossible for the Meeting to be held in the company headquarters and be called strictly in the form provided in the Articles.

Given the paralysis of corporate life and in order to protect the legitimate interests of the stockholders and third parties, we proceeded with the personal and individual convocation to the Meeting, where we will, in essence, request your vote on proceeding with the dissolution and ordered liquidation of the company and its assets for the reasons, set forth above, of the impossibility of realizing its corporate purpose.

This convocation will be issued in Spain, Liechtenstein and Miami (U.S.A.), places all related to the current stockholdership in the company.

Article 26 of the Articles of Incorporation of the Company establishes that, for purposes of convening a Meeting, the stockholders must prove their positions as such by depositing the shares they hold in the possession of the Secretary prior to the start of the Meeting. Given the circumstances known to all, for the purposes of the Meeting called herein, accreditation of the position of stockholder by any of the following means shall be accepted:

a) Deposit of the share certificates, as established in Article 28 of the Articles of Incorporation.

b) For the survivors of those who were stockholders pursuant to the list of partners as of December 31, 1958, in the possession of the Secretary of the Company and only in relation with the shares attributed to same on said list, simple accreditation of identity.

c) For the heirs or legatees of those who were stockholders according to the list cited in the preceding point, and who have died, or the heirs or legatees of the latter, an authentic copy of the respective death certificates and the respective wills or declaration of heirships and the charts of distribution (or equivalent documents, according to the applicable law) that demonstrate the award of the stock in question to the party invoking ownership thereof. In the event that the stock was not distributed or awarded, they will be considered to be the indivisible joint property of the heirs who prove their positions as such by means of the documentation indicated above. In accordance with Article 13 of the Articles of Incorporation, the joint owners of shares must elect one of them to exercise the right to vote corresponding to such stock. The elected joint owner must demonstrate his/her position as such by means of a public document or private document, the form(s) whereof is/are authenticated by a Notary.

d) For the purchasers, if any, accreditation of the bill of sale and the bill of sale and the bill of any subsequent successors to the stockholders recognized in the list referred to in Point b).

e)   Any other method recognized in law that, in the opinion of the Chairman of the Meeting, demonstrates that the person claiming the position of stockholder is the legitimate holder of the stocks to which s/he claims a right.

Any stockholder who has a right to attend may cause himself/herself to be represented at the General Meeting by means of another person, even if said person is not a stockholder. The representation must be accredited by means of a private letter or document, the signature whereon is authenticated by a Notary. Likewise, the stockholder may cause himself/herself to be represented by a person who holds a general power of attorney, conferred in a public document, for administering all assets of the party represented or a special Notarial proxy conferred for this Meeting.

The Agenda proposed for the Meeting for adoption of the pertinent agreements, if applicable, shall be the following:

AGENDA

1.   Ratification of the agreements adopted at the Special General Meeting of Stockholders held last February 25, 1997, except for the agreement on the provisional transfer of the headquarters to Madrid, the nullification whereof will be proposed and also ratification of the agreements of the Board of Directors of February 10, 1997.

2.   To provisionally establish the administrative headquarters of the company at LGT Bank en Liechtenstein AG, Herrengasse 12, Vaduz, Liechtenstein, so that the partners may access information and effectively execute the agreements on dissolution and liquidation proposed below.

3.   Determination of the net worth of the company.

4.   Adoption, if applicable, of the agreement on dissolution thereof.

5.   Opening of the liquidation period and approval of the initial liquidation Balance Sheet.

6.   Appointment of three liquidators.

7.   Authorizations to the liquidators for the performance of those actions and the granting of those contracts, agreements and documents, including the delegation of their own powers, that may be necessary for the liquidation of the company assets and in particular, for the transmission, license or assignment of use, as applicable, of the goods, rights and stock that the company holds in relation to the trademarks and trade names of "Havana Club" and "Arechabala", as well as any right connected therewith.

8.   Requests and questions.

The stockholders may request, in writing, prior to the session of the Meeting, or orally during same, the reports or clarifications that they deem necessary on the matters on the Agenda, at the provisional administrative headquarters referred to in Point 2 of the Agenda.

Cordially,

THE CHAIRMAN AND SECRETARY OF THE BOARD OF DIRECTORS