# Exhibit 27

MICHAEL KRINSKY (MK 4503)
RABINOWITZ, BOUDIN, STANDARD,
 KRINSKY & LIEBERMAN, P.C.
740 Broadway - Fifth Floor
New York, New York  10003
(212) 254-1111

CHARLES SIMS (CS 0624)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3950

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAVANA CLUB HOLDING, S.A. and
HAVANA CLUB INTERNATIONAL, S.A.,

           Plaintiffs,

- against -

GALLEON S.A., BACARDI-MARTINI USA, INC.,
GALLO WINE DISTRIBUTORS, INC.,
G.W.D. HOLDINGS, INC.
and PREMIER WINE AND SPIRITS,

           Defendants.

No. 96-Civ.-9655 (SAS)

---

**Plaintiffs' Summary of Contents of Voluminous Writings
Pursuant to Federal Rule of Evidence 1006**

    1.     Pursuant to Federal Rule of Evidence 1006, the undersigned, on behalf of plaintiffs, hereby states, upon an examination of:

        (a)     all the documents produced in this action by the thirty-one members of the Arechabala family who were Participating Interest Holders to the Agreement On The Purchase

PLAINTIFF'S EXHIBIT 440

and Sale of Intellectual Property and Rights and Claims Concerning Thereto By and Between Jose Arechabala, S.A. (In Liquidation), Certain Holders of Direct or Indirect Beneficial Interests In the Same and Jose Arechabala International, Ltd. dated April 17, 1998 and Compania Azucera Progreso, S.A., also a Participating Interest Holder, pursuant to the Court's May 27, 1998 Order (per Magistrate Judge Bernikow; Rule 72 Objections denied by Order dated June 17, 1998) and plaintiffs' First Amended Request for Production of Documents With Respect to Arechabala Documents; and

      (b)    all the documents produced in this action pursuant to subpoenas duces tecum served upon Gloria Marquez Arechabala Misto; Ramon Maria Arechabala; Jose Miguel Arechabala; Miguel Ignacio Arechabala and Jose Arechabala, S.A., Inc.,

that **none** of said document production contains any document or documents concerning any intention, activities, discussions, communications, studies, plans or efforts of Jose Arechabala, S.A., Arechabala family members or others with respect to the Havana Club trademark, the Havana Club rum business, or any business concerning rum, for the period 1960 to and including December 1, 1993.

    2.  Pursuant to Federal Rule of Evidence 1006, the undersigned, on behalf of plaintiffs, hereby further states, upon an examination of all the documents produced in this action by the defendants herein, Juan Prado (in response to a subpoena duces tecum) or Luis Lasa (in response to a subpoena duces tecum), that the following are the **only** documents produced by defendants and said persons which arguably concern any intention, activities, discussions, communications, studies, plans or efforts of Jose Arechabala, S.A. or Arechabala family members with respect to

the Havana Club trademark, the Havana Club rum business, or any business concerning rum, for the period 1960 to and including December 1, 1993:

| | |
|---|---|
| (2/20/74) | BAC 01590 (letter from Orfilio Pelaez, Bacardi employee, to Ramon Arechabala) |
| (undated) | BAC 01591–01597 (handwritten note from Orfilio Pelaez to Ramon Arechabala with attached photocopies of USPTO records concerning Jose Arechabala, S.A.'s registrations of Havana Club, including notation of cancellation of its registration on the Principal Register and of a partially illegible additional document) |
| (1/23/74) | BAC 01654-01655 (letter from Rogers Hoge & Hills law firm to Orfilio Pelaez at Bacardi & Co. attaching copies of certain of the same photocopies appearing in the above letter from Pelaez to Ramon Arechabala). |

All of the documents examined in connection with this summary have been available for examination by defendants in this action and produced to them as well as to plaintiffs.

Dated: December 28, 1998

_____
MICHAEL LEE HERTZBERG, ESQ.
740 Broadway
New York City, New York