IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BACARDI & COMPANY LIMITED,

and

BACARDI U.S.A., INC.,

          Plaintiffs,

v.

EMPRESA CUBANA EXPORTADORA DE
ALIMENTOS Y PRODUCTOS VARIOS d/b/a
CUBAEXPORT

and

HAVANA CLUB HOLDING, S.A. d/b/a
HCH, S.A.

          Defendants.

Civil Action No. 04 CV 519 (EGS)

## DECLARATION OF MICHAEL C. LYNCH IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Michael C. Lynch, declare as follows:

I am a member of the firm Kelley Drye & Warren LLP, attorneys for Plaintiffs in this action. I am a member of the Bar of the State of New York. I make this declaration in opposition to Defendants' Motion to Dismiss and Defendants' Motion for Partial Summary Judgment.

1.     Attached as Exhibit 1 is a true and correct copy of excerpts of the trial transcript in *Havana Club Holding, S.A. v. Galleon S.A.*, 96 Civ. 9655 (S.D.N.Y.) ("*Galleon*").

2.     Attached as Exhibit 2 is a true and correct copy of the Partial Judgment entered in *Galleon* on October 20, 1997.

3.     Attached as Exhibit 3 is a true and correct copy of excerpts of the transcript of the February 5, 1998 deposition of José Miguel Arechabala.

4.     Attached as Exhibit 4 is a true and correct copy of excerpts of the transcript of the January 28 and 29, 1998 deposition of Ramón Arechabala.

1

5. Attached as Exhibit 5 is a true and correct copy of excerpts of the transcript of the September 9, 1998 deposition of Manuel Cutillas.

6. Attached as Exhibit 6 is a true and correct copy of excerpts of Ramón Arechabala's congressional testimony on July 13, 2004 before the Committee on the Judiciary of the United States Senate regarding an examination of Section 211 of the Omnibus Appropriations Act of 1998.

7. Attached as Exhibit 7 is the United States Patent and Trademark Office's ("PTO") policy memorandum regarding the rules and requirements the PTO was obligated to follow, dated September 27, 2012.

8. Attached as Exhibit 8 is a true and correct copy of the PTO's Grant of Petition, dated January 13, 2016.

9. Attached as Exhibit 9 is a true and correct copy of Cubaexport's application to the Department of the Treasury's Office of Foreign Assets Control ("OFAC") for a license, dated April 7, 2006.

10. Attached as Exhibit 10 is a true and correct copy of OFAC's denial of Cubaexport's request for a license, dated July 28, 2006.

11. Attached as Exhibit 11 is a true and correct copy of the Cubaexport's letter to the Commissioner of Trademarks, dated January 12, 2016, informing it of its license.

12. Attached as Exhibit 12 is a true and correct copy of Bacardi's Amendment to Allege Use Under 37 C.F.R 2.76, with Declaration dated November 2, 2000.

13. In March 1997 and July 1999, Bacardi entered into a series of confidential stand-still agreements by which it agreed to stop selling HAVANA CLUB rum during the pendency of the *Galleon* action in the Southern District of New York. The *Galleon* action was not resolved until the appeal ended in 2000. Further, the agreements provided that Bacardi's suspension of sales of HAVANA CLUB rum would not be used as evidence of abandonment or intent to abandon.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 1, 2016

_____
Michael C. Lynch

2